Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT
## for the
### Western District of Texas
### San Antonio Division

**FILED**
MAR 16 2022
CLERK, U.S. DISTRICT CLERK
WESTERN DISTRICT OF TEXAS
BY _____ DEPUTY

SA22CA0256

Case No. _____

(to be filled in by the Clerk's Office) **JKP**

| | |
|---|---|
| JOHN B. WILLIAMS III, PRO SE | ) |
| *Plaintiff(s)* | |
| -v- | ) |
| GLENN HEGAR, INDIVIDUAL, "FIDUCIARY", "MEMBER OF AN ORGANIZATION" "IN HIS OFFICIAL CAPACITY" *Defendant-1* | ) |
| BEXAR COUNTY AUDITOR OFFICE " AN ORGANIZATION" " IN AN OFFICIAL CAPACITY " *Defendant-2.* | ) |
| LEO CALDERA, INDIVIDUAL, "FIDUCIARY", "MEMBER OF AN ORGANIZATION" "IN AN OFFICIAL CAPACITY " *Defendant-3,* | ) |

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# COMPLAINT AND REQUEST FOR INJUNCTION

I.

**The Parties to This Complaint A.**   **The Plaintiff:**

        John B. Williams III, Pro Se
        7918 Hatchmere Ct. Converse, Texas 78109,

        210-430-1116 Jbernard831@gmail.com

**B.**   **The Defendant(s)**

Defendant No. 1

    Glenn Hegar
    P.O. Box 13528, Austin, Texas 78711
    512-463-4600
    Texas Comptroller of Public Accounts

REASON: YOUR ARE BEING ACCUSED FOR A VIOLATION OF THE HATE CRIME PREVENTION ACT AS A LAW OF PARTIES. YOUR AFFILIATION AS A FIDUCIARY OF A GOVERNMENTAL ENTITY, AN ORGANIZATION, IN YOUR OFFICIAL CAPACITY, REQUIRES YOU TO BE INFORMED OF A 'CONNECTIVITY OF EVENTS', AND A "SCHEME OR ARTIFICE TO DEFRAUD" THE PLAINTIFF HAS OCCURRED IN AN ILLEGAL ORGANIZED CRIMINAL ENACTMENT. YOU ARE REQUESTED TO APPEAR.

Defendant No. 2

    Bexar County Auditor's Office
    " AN Organization", "Entity",
    101 W. Nueva, Suite 800, (8th Floor)
    San Antonio, Texas, 78205-3445

REASON: BEXAR COUNTY AUDITORS OFFICE, BEXAR COUNTY, TEXAS IS A DEFENDANT WITH A CONNECTED AFFILIATIATION OF NEGLIGENCE FOR "SAFE-HAVEN"; CONSPIRED EVENTS TO ASSIST IN AN ORGANIZED <u>INDIGENT COUNSEL REIMBURSEMENT CLAIM OF REPRESENTING THE PLAINTIFF AND /OR FRAUDULENT APPOINTMENT OF PUBLIC DEFENDER COUNSEL ; TO RECEIVE A RECORDED MISAPPROPRIATION OF GOVERNMENT FUNDS.</u> THIS UNCONSCIONABLE ACT IS A CREDIBLE AND "CONNECTIVITY"- VIOLATION OF THE HATE CRIME PREVENTION ACT – INTIMIDATION AS A LAW OF PARTIES. YOUR AFFILIATION AS A FIDUCIARY REQUIRES YOU TO BE INFORMED THAT SUCH A "SCHEME OR ARTIFICE TO DEFRAUD" THE PLAINTIFF HAS OCCURRED IS AN ILLEGAL ORGANIZED CRIMINAL ENACTMENT. YOU ARE REQUESTED TO APPEAR.

Defendant No. 3

> Leo S. Caldera, CIA, CGAP
> 101 W. Nueva, Suite 800, (8th Floor)
> San Antonio, Texas, 78205-3445
> 210-335-2301
> Bexar County Auditor

REASON: LEO S. CALDERA, IN YOUR OFFICIAL AND INDIVIDUAL CAPACITY , ALSO AS A MEMBER OF A COUNTY ORGANIZATION: DEFENDANT-3 ARE BEING ACCUSED FOR CONNECTED PARTICIPANT IN A VIOLATION OF THE HATE CRIME PREVENTION ACT UNDER THE LAW OF PARTIES. YOUR AFFILIATION, KNOWINGLY, INTENTIONALLY, WRECKLESSLY, NEGLIGENCE TO <u>PERMIT A PAYMENT TO A LICENSED PRACTICING APPORNEY WHO WAS ABLE TO IMPERSONATE A COUNTY INDIGENT COUNSEL AND , ALSO, RECEIVE MISAPPROPRIATED FUNDS TO ASSIST AND PROTECT ILLEGALLY; A SCHEME TO CONTINUE A (20) TWENTY-YEAR HARASSMENT OF THE PLAINTIFF BY NUMEROUS BEXAR COUNTY EMPLOYEES, AND OFFICIALS.</u> AS A FIDUCIARY TO A BEXAR COUNTY CITIZEN, AND REGISTERED VOTER RIGHT OF BEXAR COUNTY,TEXAS; SUCH A DECEPTION OF AN ABUSE OF OFFICE, AND OFFICIAL OPPRESSION OFFENSE, THE PLAINTIFF REQUIRES YOU TO BE INFORMED THAT A "SCHEME OR ARTIFICE TO DEFRAUD" HAS

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

        OCCURRED IN AN ILLEGAL ORGANIZED CRIMINAL ENACTMENT. YOU ARE REQUESTED TO APPEAR.

## II.  Basis for Jurisdiction

28 U.S.C. § 1331 , 28 U.S.C. 455, 28 U.S.C. 534,  7 U.S.C. 60 ,18 U.S.C. 1031 , 18 U.S.C. 1348, 18 U.S.C. 1346, 18 U.S.C. 1349, 31 U.S.C. 713, 26 U.S.C. 6103(b), 26 U.S.C. 7206 (4),(5), (B), 26 U.S.C. 7207 / Federal; State/ TITLE 2. CHAPTER 7, ET SEQ [COMPLICITY PARTIES TO OFFENSES], 7.01, 7.02, 7.22, 7.24; TEXAS GOV'T CODE ; RIGHT TO ACCESS AND DISCLOSE ALLEGATIONS OF ORGANIZED CRIME.

### A.  If the Basis for Jurisdiction Is a Federal Question(s):

1. CAN AN ORGANIZED ACTIVITY REGARDING FRAUDULENT REPRESENTATION OF INDIGENT COUNSEL BE APPROVED BY ANOTHER CONNECTED COUNTY AGENCY OR ORGANIZATION AND RECEIVE MISAPPROPRIATED FUNDS TO DEPRIVE THE PLAINTIFF AND THE DEFENDANT AS AN ORGANIZATION.

2. CAN SUCH NEGLIGENCE BY AN ORGANIZATION OF BEXAR COUNTY FILE A TAX REPORT FRAUDULENTLY IN BOTH TAX YEAR(S): 2021 AND 2020 ACCORDING TO PLAINTIFF DOCUMENTATION.

3. CAN THE DEFENDANTS PROVE THE ALLEGED DIFFERENTIAL TREATMENT DOES NOT VIOLATE THE PLAINTIFF'S EQUAL PROTECTION AND INVOLVED UNCONSCIONABLE ACTIONS RATIONALLY RELATE TO LEGITIMATE STATE INTERESTS.

26 U.S. Code 7206 – Fraud and False Statements to another governmental agency, namely DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE; Texas Government Code, Chapter 552. Right To Government Records, Offices, Fiduciaries, members of an organization.

18 U.S. Code 241, 18 U.S. Code 244, 18 U.S. Code 247- Conspiracy against rights; 18 U.S.C. 1030, 18 U.S.C. 1346, 18 U.S.C.1349(CONSPIRACY), 28 U.S.C.455.

MATTHEW SHEPARD HATE CRIMES PREVENTION ACT- " S. 909", 7 U.S.C. 60 (scheme or artifice to defraud), 18 U.S.C. 1030, 28 U.S.C. 534 (Hate Crime Act) , Title 2. Chapter 7. (complicity parties to offenses)

1. The Amount Controversy: **Plaintiff suffers irreparable harm and injury due to the Defendants conspired act to defraud the plaintiff and breach open records mission statement, to commit an act of Official Oppression and Abuse of Power**

   "Improve Customer Service: Improve accessibility to services. **Clearly define standards of service and accountability to customers**" – plaintiff is identified in county auditor records a 2019 – CR- 6240.

   **PLAINTIFF'S court filings indicate the secretive indigent counsel J. CHARLES BUNK LICENSE NO. 00792382, LAW OFFICES OF J. CHARLES BUNK, RECEIVED A REIMBURSEMENT FOR INDIGENT SERVICES TO PLAINTIFF. THIS PAYMENT WAS GIVEN TO A FRAUDULENT APPOINTMENT OF COUNSEL TO HARASS AND DECEIVE COUNTY AUDITORS OF AN ACTUAL CLAIM OF SERVICE. THIS SUIT IS CATEGORIZED BY PLAINTIFF AS " HATE CRIME- volume 1; SAME EPISODE"**

## III. Statement of Claim

THE DEFENDANTS-'3'; HAVE RECORDED A MISAPPROPRIATION OF COURT APPOINTED COUNSEL FUNDS AND CONSPIRED NEGLIGENTLY OR MALICIOUSLY IN A FRAUDULENT APPOINTMENT OF A COURT APPOINTED COUNSEL. THE DEFENDANTS ARE A PARTY AND ORGANIZATION IN THIS SCHEME TO DEFRAUD THE COUNTY OF APPROPRIATED FUNDS BY PAYING FRAUDULENT COUNSEL CLAIMS OF REPRESENTATION; FALSIFY COUNTY COURT CLERK RECORDS UNDER SAME CUSTOMER 2019 – CR-0720, PLAINTIFF. THIS IS A CONNECTED OFFENSE OF A 'DIFFERENT' LOCAL GOVERNMENT AGENCY, ORGANIZATION, OR ENTITY.

   A. On October 5, 2020, the plaintiff's case was suspended on the grounds of the judge's voluntary recusal, leading to a Certificate of Disqualification. In retaliation, RECUSED Judge Melisa Skinner fraudulently appointed an indigent counsel to be the plaintiff's false attorney of record and collect a claim to qualify a false appointment of counsel. Recused judge later appointed (2) other PUBLIC DEFENDER'S *to continue to DEFRAUD THE COUNTY FUNDS and conspiracy to assist in a future conviction of the plaintiff. This illegal appointment of PUBLIC DEFENDER'S relinquishes any preservation of plaintiff's official hired appointment of counsel obstruction and retaliation offenses. J. Charles Bunk, SBOT no. 00792382 was the Lead Prosecutor in plaintiff's October 1999 false prosecution and conviction and then again, in the plaintiff's Motion For New Trial hearing; November, 1999, IN THE 226TH DISTRICT COURT; 1999-CR-0720. This SCHEME CONTINUED IN THE 144th DISTRICT COURT IN ANOTHER FALSE ARREST and then J. CHARLES BUNK IS imputed into the 379th District Court AS the plaintiff's false appointed PUBLIC DEFENDER.*
   B. Defendant ORGANIZATION, audit records show J. Charles Bunk received $200.00 (Two-hundred dollars and .00)from the 379th District Court. J. Charles Bunk AND never represented the plaintiff IN ANY PROCEEDING. This is a financial scheme to (1) pay counsel illegally with appropriated funds monitored by ALL defendants, INDIVIDUAL AND ORGANIZATION CAPACITIES; and (2) 'input' a counsel to retaliate against the plaintiff who wants to preserve constitutional error. ALL Defendants must answer the plaintiff and this Federal Court as to why this HATE CRIME

        EXISTS WITH CONNECTIVITY by LICENSED counsel, WHOM IS PRETENDING TO BE PLAINTIFF'S PUBLIC DEFENDER; CLEARLY DEFINES a conflict of interest. Plaintiff has documentation denying any PUBLIC DEFENDER ASSISTANCE recommended by Hon. Melisa Skinner and ATTORNEY J. CHARLES BUNK INFILTRATES ANOTHER COUNTY EMPLOYEE OF RECORD against PLAINTIFF'S will and PLAINTIFF'S knowledge.

C. After a written explanation to this " payola" scheme , ALL defendants MUST amend PLAINTIFF'S RECORDS AND ACTIVITY LOG EVENTS WITH BEXAR COUNTY RECORDS AND STATE OF TEXAS TAX REGISTRY AND RECORDS.

D. Plaintiff is being OFFICIALLY oppressed by ATTORNEY J. Charles Bunk under the Hate Crime Act WITH THE CONNECTIVITY OF ALL NAMED DEFENDANTS IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES.

## IV. Irreparable Injury

THE DEFENDANT'S HAVE BEEN A PARTY OF AN ORGANIZED SCHEME OR ARTIFICE TO DEFRAUD THE PLAINTIFF, AND THE ORGANIZATION . THE FOLLOWING CRIMINAL OFFENSES HAVE BEEN COMMITTED <u>INSIDE THE ORGANIZATION CAUSING FINANCIAL AND MENTAL HARDSHIP TO THE PLAINTIFF.</u> Texas Const. Article III, Section 49a. Texas Penal Code 37.101, [fraud filing of financial statement), Texas Penal Code, 32.45- (misappropriation of fiduciary property of a financial institution- Auditor's office is an "institution", Federal Trade Commission [sec. 5], Texas Business and Commerce code Sub. E. Chapter 17 [17.41, 17.42, 17.44, 17.45(5)(unconscionable acts) [person, consumer, services, ], (6) (trade, "as court appointed counsel agency", (7) documented evidence, 17.45 (9)( kn0wingly", (10) (business consumer)- "as is Bexar County Auditors Office", and (11) "economic damages- applying , Economic Security Act Protection", (13) (intentionally). 17.46 (unlawful analysis) et. Seq (a-b)and 17.47. (Restraining Orders to preserve Federal Tax Compliance).17.501-17.5052. offers of settlement . 17.57. subpoenas requests to subpoena material witnesses. 17.60. reports and examinations. 17.62. Penalties. THEREFORE, THE Defendants, IN THEIR OFFICIAL CAPACITY, AND AS AN ORGANIZATION, ARE AFFILIATED BY INTENT OR NEGLECT IN NATURE HOWEVER, STILL COMMITTED AN ORGANIZED violation of "HATE CRIMES PEVENTION ACT'. The Defendants, IN THEIR INDIVIDUAL CAPACITY, AND AS AN ORGANIZATION, have intentionally paid Mr. J. Charles Bunk to continue harassing the plaintiff since 1999. **There is absolutely no excuse as to how or why J. Charles Bunk appears in the Defendant, an 'ORGANIZATION', audit records as PUBLIC DEFENDER in the 144th and requests payment in the DISTRICT court of 379th. The plaintiff is a PROFESSIONAL INCOME TAX PREPARER AND BOOKKEEPER since 1995 with over 1,000 tax returns filed accordingly DIRECTLY WITH THE INTERNAL REVENUE SERVICE, DEPARTMENT OF THE TREASURY. IF THIS WERE A VALID AND NON-FICTITIOUS CLAIM BY A PUBLIC DEFENDER, the proper claim would reflect the 144th Court administration records. Therefore, it is bookkeeping error for a claim from one "agency" to be recorded under a different "organization"court expense ledger; <u>unless there is a conspired motive behind this credible incorrect auditing of records.</u> In conclusion, JUSTICE, requires ALL Defendants, AS INDIVIDUALS, AND AS AN ORGANIZATION, in their official capacities to answer the charges against them under HATE CRIME ACT of participated misconduct. The plaintiff suffers irreparable harm with this transaction being recorded, compensated, ignored, and STILL remaining on the plaintiffs official audit reporting of court events.**

## V. Relief

The plaintiff implores this Court of Federal Authority to require the defendants, IN THEIR INDIVIDUAL CAPACITY, AN AS AN ORGANIZATION, to (1) support a (10) year audit of available records regarding all involvement of any organization, agency, individuals, mambers of organizations, or members of any agencies named in these (3)-hate crime connected activities named in any of the Hate Crime involvement; a) all payments to any party named in any joined suit supporting any court claims , and reimbursements; filings, a discovery supporting any expense report for reimbursement for an attorney claim. The plaintiff requests DEFENDANTS, IN THEIR INDIVIDUAL CAPACITY, AN AS AN ORGANIZATION, TO COMPLY AN open records inquiry audit regarding the plaintiff's interests being breached for heinous intentions FOR 2019-2022. THE PLAINTIFF REQUESTS ALL COUNSEL CLAIMS AND REIMBURSEMENTS PAID IN STYLE 2019 -CR-6240. This punitive and not remedial *harassment, INCLUDING sabatoge and improper influence* causing financial injury to plaintiff, AND FOUR,(4), consequential bankruptcy filings, to avoid plaintiff's foreclosure of personal property. Plaintiff suffered economic loss of revenue from business contracts, since 1999. Such calculated and masterminded efforts to restrict plaintiff's civil rights to enjoy the same rights as the INDIVIDUAL defendants AND ORGANIZATION, is not an oversight by all (3) three defendants. There are other conspired schemes as this being covered up in a 'safe-haven' corrupt local governmental agency, entity, or organization. The Plaintiff seeks $1,000,000.00 (one-million dollars) in damages. This is HATE FILLED, HATE MOTIVATED, HATE SUPPORTED, IN CONNECTIVITY WITH TWO OTHER ORGANIZED REENACTMENTS [HATE CRIME VOL.2 AND VOL. 3- SAME EPISODE]. ALL OF WHICH A RACIAL BIASED ACT of improper influence to continue to officially oppress a person due to the plaintiff's race, ethnicity, and disability of being a convicted felon. A conspiracy element being harbored by the Defendants AS INDIVIDUALS, AND AS AN ORGANIZATION. This charge is classified by plaintiff as " HATE CRIME VOLUME 1- SAME EPISODE".

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

SEE ATTACHMENT(S):   **1**. BEXAR COUNTY CRIMINAL JUSTICE SYSTEM EVENT LOG-OFFICIAL-**2**. PLAINTIFF'S FINANCIAL STATEMENTS- **INELIGIBILITY FOR PUBLIC DEFENDER- 3.** PLAINTIFF'S VOTER REGISTRATION CARD- CITIZENSHIP AND RIGHT TO SUE ELECTED OFFICIALS- **4. J.CHARLES BUNK**-STATE BAR INFORMATION- **5. CONFLICT OF INTEREST- EVIDENCE-A; 6. CONFLICT OF EVIDENCE-B; 7- EDWARD FRANCIS SHAUNESSEY – STATE BAR INFORMATION, 8- <u>FRAUDULENT APPOINTMENT OF PUBLIC DEFENDER-ORDER;</u> 9-** CONFLICT OF INTEREST- **E.F. SHAUNESSEY III- EVIDENCE-C.**

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/16/22

Signature of Plaintiff

Printed Name of Plaintiff   JOHN B. Williams III