UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JOHN B. WILLIAMS, III,**

 *Plaintiff*,

v.                 Case No. SA-22-CV-0256-JKP

**COMPTROLLER GLENN HEGAR,**
et al.,

 *Defendants*.

## MEMORANDUM OPINION AND ORDER

Before the Court is *Defendant Glenn Hegar's Motion to Dismiss* (ECF No. 4). Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), Defendant Hegar seeks dismissal of this action as to him. Plaintiff has filed a response (ECF No. 5) pro se and Hegar has filed a reply (ECF No. 6). The Court previously stated:

> Based on the jurisdictional issues raised by Defendant Hegar, the Court may lack jurisdiction, not only over the case as it pertains to Defendant Hegar, but over the case in total. To provide the pro se Plaintiff some leniency, the Court **DEFERS** ruling on the motion to dismiss and hereby **DIRECTS** him to show cause, **on or before June 27, 2022**, why the Court should not dismiss this case for lack of jurisdiction. Because the Court has made no determination as to any jurisdictional issue, Plaintiff's response to this show cause order should directly address the jurisdictional issues raised by Defendant Hegar, as those issues relate to all defendants.

ECF No. 12 at 3. Within that same Order, the Court denied Plaintiff leave to file a surreply. *See id.* at 2. Plaintiff has timely filed a response to the show cause order. *See* ECF No. 14.

The Court has noted that "the basis for this action is unclear from the *Complaint and Request for Injunction* (ECF No. 1)." ECF No. 12 at 1. It ordered Plaintiff to show cause why this case should not be dismissed for lack of jurisdiction, because (1) Defendant Hegar raised several jurisdictional matters in his motion, (2) Plaintiff's response was (and remains) devoid of any

substantive argument to counter the asserted jurisdictional issues, and (3) the jurisdictional matters go to jurisdiction over the entire case, not merely as it relates to Defendant Hegar. *See id*. at 2-3.

## II. JURISDICTION

In his motion, Defendant Hegar presents three jurisdictional issues – standing, sovereign immunity, and *Rooker-Feldman*.[1] Plaintiff's response to the show cause order does not address any of these jurisdictional issues and utterly fails to show cause why the Court should not dismiss this case for lack of jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The jurisdiction of federal courts is circumscribed by the limits set forth in Article III of the Constitution. *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982). Article III legitimizes the use of judicial power "to declare the rights of individuals and to measure the authority of governments" in the resolution of "cases" and "controversies." *Id*. For that reason, a federal court must dismiss a case for lack of subject matter jurisdiction if the court lacks "the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir.1996)).

A federal court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The Fifth Circuit has long held that, under

---

[1] *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

2

Fed. R. Civ. P. 12(h)(3), the federal courts "have the responsibility to consider the question of subject matter jurisdiction sua sponte if it is not raised by the parties and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985). Of course, when one party raises jurisdictional issues that would apply equally to other parties or that would defeat jurisdiction for the action in total, the Court has the obligation to consider the jurisdictional issues more broadly than as asserted by the asserting party.

In this case, Plaintiff lacks standing to pursue this litigation. Constitutional standing, which is a plaintiff's personal stake in the outcome of the case, is an "essential and unchanging part of the case-or-controversy requirement of Article III." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). "To establish Article III standing, a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157-58 (2014) (quoting *Lujan*, 554 U.S. at 560-61). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Lujan*, 504 U.S. at 560–61; *accord*, *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 411-12 (2013)).

To carry that burden on the injury-in-fact component, a plaintiff must show an injury that is both "actual or imminent" and "concrete and particularized." *Friends of the Earth, Inc. v. Laidlaw Env't. Servs., Inc.*, 528 U.S. 167, 180 (2000). "Central to assessing concreteness is whether the asserted harm has a 'close relationship' to a harm traditionally recognized as providing a basis for a lawsuit in American courts—such as physical harm, monetary harm, or various intangible harms including . . . reputational harm." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2200 (2021) (quoting *Spokeo, Inc. v. Robins*, 578 U. S. 330, 340-41 (2016)).

Plaintiff's complaint names three defendants. *See* ECF No. 1 at 1-3. He alleges that Defendant Hegar has violated the Hate Crime Prevention Act by not being informed about a scheme or artifice to defraud the Plaintiff. *Id*. at 1. He alleges that Defendant Bexar County Auditor's Office conspired to assist in an organized indigent counsel reimbursement claim or fraudulent appointment of public defender in violation of the Hate Crime Prevention Act. *Id*. at 2-3. He alleges that Defendant Leo S. Caldera, a Bexar County Auditor, participated in these same alleged wrongdoings. *See id*. at 3-4. As relief he seeks (1) to require defendants to submit to a ten-year audit; (2) to order defendants to comply with an open records inquiry; and (3) monetary damages in the amount of $1,000,000. *Id*. at 7.

Although his complaint contains a section titled "Irreparable Injury," the only alleged personal injury is that a transaction paying a public defender is "recorded, compensated, ignored, and STILL remaining on the plaintiff's official audit reporting of court events." *Id*. at 6. And even though the show cause order pointed out the issue of standing, Plaintiff has made no effort to address it in his response. He makes no effort to show how this recorded transaction actually injures him. His alleged injuries are not sufficiently concrete and particularized to establish standing in federal court.

Furthermore, to establish standing, Plaintiff must plead a redressable injury. He must show that "it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc.*, 528 U.S. at 181. "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court; that is the very essence of the redressability requirement." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998). "The redressability requirement limits the relief that a plaintiff may seek to that which is likely to remedy the plaintiff's alleged injuries." *Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). Even if the Court were to

accept Plaintiff's stated injury as sufficient for purposes of standing, Plaintiff has not shown that the injury would be redressed by a favorable decision in his favor.

For all of these reasons, the Court **FINDS** that Plaintiff has not shown cause for why this Court should not dismiss this case for lack of jurisdiction. It **GRANTS** *Defendant Glenn Hegar's Motion to Dismiss* (ECF No. 4) on the basis of standing. Because this issue of jurisdiction applies to this case in general, the Court hereby **DISMISSES** this action without prejudice for lack of jurisdiction.

**IT IS SO ORDERED this 21s day of July 2022.**

*/s/ Jason Pulliam*
**JASON PULLIAM**
**UNITED STATES DISTRICT JUDGE**